UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS J. LONGEE,<br><br>    Plaintiff,<br><br> v.<br><br>ROY C. HOLLOWAY; STANLEY HOLLOWAY; PETER HATCH; CALVIN H. CAMPBELL; and TWIN FALLS COUNTY,<br><br>    Defendants. | Case No. 1:19-cv-00381-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

    The Clerk of Court conditionally filed Plaintiff Nicholas J. Longee's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.  Screening Requirement**

    The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.  **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho State Correctional Center. Plaintiff states that he was convicted of a criminal offense, but later received post-conviction relief with respect to that offense. Following that grant of relief, he was charged with additional crimes that apparently were related to the charge for which he was granted post-conviction relief.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

*Compl.*, Dkt. 3, at 2–3. These new charges were eventually dismissed "through another petition for post-conviction relief." *Id*. at 3.

Plaintiff sues two Twin Falls County magistrate judges, two Twin Falls County prosecutors, and Twin Falls County itself, asserting claims of vindictive prosecution. *Id*. at 2–5.

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

4.    **Standards of Law Governing Plaintiff's Claims**

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

To bring a § 1983 claim against a municipality—a local governmental entity such as Twin Falls County—a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under

*Monell*, the requisite elements of a § 1983 claim against a municipality are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). Further, a municipality "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

The United States Constitution prohibits the state from punishing a defendant "for successfully challenging his conviction." *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1167 (9th Cir. 1982). Therefore, under the doctrine of vindictive prosecution, a prosecutor may not recharge a defendant for a more serious offense if the prosecutor's

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

motive for the new charge is *because* the defendant previously succeeded on appeal or in post-conviction proceedings. *Id.*

Because a motive of vindictiveness is difficult to prove, the United States Supreme Court has held that a presumption of vindictiveness applies in certain situations. *See, e.g., Blackledge v. Perry*, 417 U.S. 21 (1974). However, "the Due Process Clause is not offended by all possibilities of increased punishment [after successfully challenging a conviction." *Id.* at 27. Therefore, the presumption of vindictiveness applies only where "there is a 'reasonable likelihood' … that the [more serious charge] is the product of actual vindictiveness" on the part of the prosecutor. *Alabama v. Smith*, 490 U.S. 794, 799, 109 S. Ct. 2201, 2205, 104 L. Ed. 2d 865 (1989) (quoting *United States v. Goodwin,* 457 U.S. 368, 373 (1982)). "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.*

A reasonable likelihood of vindictiveness exists where a defendant originally convicted of a misdemeanor is recharged with a felony—stemming from the same criminal conduct—after exercising his right to challenge his conviction. The presumption of vindictiveness applies in such a case because a "prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing." *Blackledge*, 417 U.S. at 27. However, the presumption does not apply where, for example, "a greater penalty is imposed after trial than was imposed after a prior guilty plea," because "the increase in sentence is not more likely than not attributable to vindictiveness on the part of the sentencing judge." *Smith*, 490 U.S. at 801.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

5.  **Discussion**

    A.  *Claims against Magistrate Judges Roy Holloway and Calvin Campbell*

    Plaintiff alleges that Judge Roy Holloway "sign[ed] off on" on the new criminal charges, indicating that Judge Holloway signed Plaintiff's arrest warrant. *Compl*. at 4. Plaintiff states that Judge Calvin Campbell decided "to bind [the new case] over" for trial in Idaho district court, indicating that Judge Campbell found probable cause that Plaintiff committed the crime. *Id*.

    Because neither of the two defendant judges appear to have been involved in Plaintiff's previous conviction or his post-conviction proceedings—or even knew that Plaintiff had challenged that conviction—it is not reasonably likely that the judges' decisions were the production of vindictiveness. Therefore, the presumption of vindictiveness does not apply. *See Smith*, 490 U.S. at 799.

    The Complaint does not plausibly allege actual vindictiveness. Plaintiff's factual allegations do not support a reasonable inference that either judge acted with a vindictive motive. Thus, Plaintiff has failed to state a plausible claim of vindictive prosecution against these Defendants.

Moreover, Plaintiff's claims against Judge Holloway and Judge Campbell also appear to be barred by the doctrine of absolute judicial immunity. Pursuant to that doctrine, a judge is not liable for monetary damages for acts performed in the exercise of his or her judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial officers are also entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In other words, if declaratory relief in an action is available, absolute judicial immunity bars any claims for injunctive relief in that action. *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997).

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Therefore, to determine whether an act is judicial in nature so that absolute immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Sparkman*, 435 U.S. at 362.

Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (internal citations omitted). For example, judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party: "a conspiracy between judge and prosecutor to predetermine the

outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors." *Id.* at 1078.

There are two circumstances in which absolute judicial immunity does not apply. First, a judge may not rely on immunity when he or she performs an act that is not "judicial" in nature. *Sparkman*, 435 U.S. at 360. For example, when a judge used physical force to evict a person from the courtroom, the Ninth Circuit held that the judge performed a nonjudicial act not covered by absolute immunity. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Sparkman*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly…. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his [or her] authority." *Id.*

The question of whether a judge acted in excess of authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his or her authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before the court. *Mireles v. Waco*, 502 U.S. 9, 13 (1991). The following example demonstrates the difference: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Sparkman*, 435 U.S. at 357 (internal citation omitted).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

In reviewing an allegation that a judge acted in the clear absence of all jurisdiction, the Court considers whether the judge was acting beyond the scope of the subject matter jurisdiction of the court. *See id.* at 356-57; *Ashelman*, 793 F.2d at 1076. In instances where "jurisdiction over the subject-matter is invested by law in the judge or in the court which he holds, the manner and extent which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case." *Sparkman*, 435 U.S. at 356 n.6.

Plaintiff alleges no facts supporting a reasonable inference that the defendant judges' alleged conduct was taken outside of their judicial capacity or that the judges acted "in the clear absence of all jurisdiction." *Id.* at 360. Signing arrest warrants and holding preliminary hearings are integral judicial functions. And, county magistrate judges have jurisdiction to preside over "[p]roceedings pertaining to warrants for arrest … and … [p]roceedings for the preliminary examination to determine probable cause." Idaho Code § 1-2208(3)(c) and (d). Thus, judicial immunity appears to bar Plaintiff's claims against Judges Holloway and Campbell.

### B.     *Claims against Prosecutors Stanley Holloway and Peter Hatch*

Plaintiff alleges that prosecutor Stanley Holloway initiated the new charges and that prosecutor Hatch committed perjury in connection with Plaintiff's criminal case. *Compl.* at 4. It is unclear from the Complaint what the new charges against Plaintiff were, or whether they in fact carried a greater potential punishment than the original charges. Thus, it is not clear whether the presumption of vindictiveness applies in this case. *See*

*Blackledge*, 417 U.S. at 27. However, even assuming the presumption does apply, the two defendant prosecutors are immune from suit.

Prosecutors have absolute immunity for actions in the performance of an integral part of the criminal judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). These actions include initiating and pursuing a criminal prosecution, *id.* at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), participating in hearings, and "making false or defamatory statements in judicial proceedings," *Burns v. Reed*, 500 U.S. 478, 490 (1991).

Prosecutors are not absolutely immune if they conduct their own investigations, if they fabricate evidence or elicit known false evidence for use in a prosecution. *See Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001). However, absolute prosecutorial immunity does extend to "the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Id.* at 1008; *see Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003). Vindictive prosecution claims against prosecutors are also barred by the doctrine of absolute prosecutorial immunity. *Puentes v. Cty. of Santa Clara*, 606 F. App'x 339, 340 (unpublished) (9th Cir. May 28, 2015) ("We affirm dismissal of the vindictive prosecution claim against Deputy District Attorney Dana Overstreet because she is entitled to absolute prosecutorial immunity.") (citing *Imbler*, 424 U.S. at 431 (1976).

Additionally, witnesses—including government official witnesses—are "absolutely immune from liability for their alleged perjury." *Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

The charging decisions of a prosecutor are an integral part of the judicial process. Therefore, Defendant Stanley Holloway is immune from Plaintiff's claims of vindictive prosecution for that decision. *See Imbler*, 424 U.S. at 410. And Defendant Hatch is immune from liability for any allegedly false testimony he gave in Plaintiff's criminal proceedings. *See Paine*, 265 F.3d at 981. As a result, Plaintiff's claims against these defendants are not plausible, and he should omit these defendants from any amended complaint.

### C. *Claims against Twin Falls County*

Plaintiff's allegations do not plausibly suggest that the defendants' conduct—the prosecutor's decision to recharge Plaintiff, the alleged perjury of Defendant Hatch, and the decisions of the defendant judges to sign the arrest warrant and to bind the case over to district court—were undertaken pursuant to a policy or custom of Twin Falls County. *See Monell*, 436 U.S. at 694. Nothing in the Complaint permits a reasonable inference that the county had a policy or custom of engaging in vindictive prosecution or committing perjury.

Therefore, Plaintiff's claims against Twin Falls County are implausible. Plaintiff should keep the *Monell* standards in mind if he files an amended complaint.

### 6. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal

connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing that Plaintiff can meet the *Monell* requirements if Plaintiff sues Twin Falls County (explained in detail above).

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED** that Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 28 days, this case may be dismissed without further notice.

DATED: December 9, 2019

B. Lynn Winmill
U.S. District Court Judge